LEWIS GROSNER, Appellant, *v.* GROPPER KNITTING MILLS, INC., Respondent.

Supreme Court, Appellate Term, First Department, January 28, 1926.

**Master and servant — breach of employment contract at will — parties stipulated amount due for services — error to set aside directed verdict and dismiss complaint where no damages could accrue under counterclaim.**

In an action by an employee for the breach of an employment contract at will in which the amount due for the services performed had been stipulated, it was error to set aside a directed verdict in favor of the plaintiff and to dismiss the complaint although a counterclaim was interposed for breach of the contract, since the defendant conceded that the breach was so minor that no money damages would accrue.

APPEAL by plaintiff from an order of the Municipal Court, Borough of Manhattan, Ninth District, setting aside a directed verdict in plaintiff's favor and dismissing the complaint.

*Isidor Neuwirth* [*George D. Zahn* of counsel], for the appellant.

*Manuel M. Voit*, for the respondent.

PER CURIAM.   The rule that failure to perform a service contract while it is in force, resulting in a discharge for cause, gives the servant no action, has no applicability in this case.   The contract here was at will; for the employer could bring it to an end at any time.   The employer so elected.   The servant had, therefore, completed the term and the employer's remedy for a breach of part of the contract was by counterclaim.   As the amount due plaintiff (if any sum was due) was stipulated and as the employer conceded that the breach was so minor in character that no money damages would accrue, the court was correct in its first ruling in directing a verdict for the plaintiff.   The setting aside of that verdict and the dismissal of the complaint was error.   Judgment and order reversed, with thirty dollars costs, and verdict for plaintiff reinstated.

All concur; present, GUY, BIJUR and MULLAN, JJ.